HENRY CARPENTER and another *v.* HENRY BLOTE and another.

Where a mortgage upon chattels, is given to secure a debt actually due to the mortgagee, the fact that it is intended also to secure future advances or sales by him to the mortgagor, upon credit, will not render it void; but *it is* valid to the extent of any advances so made, in good faith, before a creditor or other third party acquires a subsequent title to a lien upon the goods.

THIS was a suit to recover the possession of personal property, levied upon by the defendants under an execution and judgment against a third person. The plaintiffs claimed the goods under a chattel mortgage, given to secure to the plaintiffs the payment, by the mortgagee, of a sum named therein. It appeared in evidence, that a part of that sum was actually due when the mortgage was executed; and that it was intended to secure such further amount as might in future accrue upon sales to the mortgagor of goods upon credit. This additional indebtedness was proved to have arisen before the defendants levied.

The plaintiffs recovered a verdict and had judgment at special term. The defendants appealed.

*George F. Betts*, for the defendants.

*H. Brewster*, for the plaintiffs.

BY THE COURT. WOODRUFF, J.—The motion for a nonsuit was properly denied. There was evidence that the mortgage in question was given to secure a debt actually due to

the plaintiffs. And the fact that it was also intended to provide for and secure future advances on sales by the plaintiffs to the mortgagor upon credit, was no objection to its validity to the extent of any advances actually made, in good faith, before any creditor or other third party acquired a subsequent title to or lien upon the goods.

There was nothing in this mortgage upon which the court could pronounce it void in law for fraud apparent thereon, even if we adopt the views of chief justice Bronson, and some other of the members of the court of appeals who concurred with him, in *Griswold* v. *Sheldon*, (4 Comst. 580).

Nothing in the mortgage nor in the proofs showed that the mortgagor had any authority to sell any part of the chattels mortgaged, and the mortgage being duly filed, it was valid unless executed with a fraudulent intent, and the defendants should have taken and sold the interest of the mortgagor in the goods, and that only.

Upon the question of fraudulent intent, it is not claimed that, if there was evidence proper to be submitted to the jury, it was submitted to them under a charge by the judge, of which the defendants can complain.

On this question there was conflicting evidence. The testimony of the mortgagor is, that the mortgage was given in good faith and for an honest purpose. The mere fact that he designed to give a preference to the plaintiffs, as creditors, by securing them at all events, does not show fraud.

On the other hand, there are many circumstances proved tending to show that the intent of the mortgagor was fraudulent. These were suggested by the court in the charge to the jury for their consideration.

The inclination of my own mind, upon a review of the evidence, is that the mortgage was fraudulent in fact, but it is not so clearly so that I think the verdict should be set aside on this ground.

I am of opinion that the order denying the motion for a new trial must be affirmed, with $10 costs.

Ordered accordingly.